**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3823-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FREDDY S. GARCIA,

     Defendant-Appellant.

_____

Submitted April 14, 2026 – Decided July 6, 2026

Before Judges Susswein and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 19-02-0391.

Jennifer M. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Linda Estremera, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Freddy S. Garcia appeals the January 3, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant pled guilty to vehicular homicide and other offenses arising out of a drag racing incident in which the car he was driving struck and killed a pedestrian. He contends that his trial counsel rendered ineffective assistance by failing to (1) move for a change of venue based on negative pretrial publicity, (2) adequately investigate his case, and (3) ensure he understood the consequences of his guilty plea. After reviewing the record in light of the governing legal principles, we affirm. None of defendant's ineffective-assistance-of-counsel claims warrant an evidentiary hearing, much less provide a basis upon which to vacate his guilty plea and sentence.

I.

We discern the following pertinent facts and procedural history from the record. On October 6, 2018, at around 9:00 p.m., defendant, whose license was suspended, was driving with his friends at an excessive speed on wet roads. Defendant tried to "race around" one of his friend's cars and lost control, causing his vehicle to enter a spin and strike and kill a pedestrian who was walking on the side of the street. Defendant knew he was in an accident but fled the scene without rendering aid to avoid being arrested for driving an unregistered car

2

with a suspended license. When defendant was later questioned by police, he denied having been on scene. Defendant also falsely reported the car he was driving as stolen.

In February 2019, defendant was charged by indictment with first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) (count one); second-degree vehicular homicide, N.J.S.A. 2C:11-5(a) (count two); third-degree causing death or injury while operating a vehicle with a suspended license, N.J.S.A. 2C:40-22(a) (count three); second-degree knowingly leaving the scene of a motor vehicle accident resulting in death, N.J.S.A. 2C:11-5.1 (count four); third-degree hindering, N.J.S.A. 2C:29-3(b)(1), (4) (counts five, six, and seven); and fourth-degree reporting a fictitious incident, N.J.S.A. 2C:28-4(b)(1) (count eight).

On May 31, 2019, pursuant to a negotiated plea agreement, defendant pled guilty to counts two, three, and eight as charged. Defendant also pled guilty to: (1) count four, to be sentenced within the third-degree range; (2) count five, amended to a disorderly persons offense; (3) driving with a suspended license as charged in a motor vehicle ticket; and (4) driving without insurance as charged in a motor vehicle ticket. In exchange for defendant's guilty plea, the State agreed to recommend: (1) an aggregate ten-year term of imprisonment,

subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for counts two, three, five, and eight[1]; (2) a consecutive three-year term of imprisonment on count four; and (3) the imposition of various fines and penalties. The State also agreed to dismiss all other pending charges.

The sentencing hearing was convened on September 11, 2019, at which defendant was sentenced in accordance with his plea agreement. We affirmed defendant's sentence on January 6, 2021. State v. Garcia, No. A-1302-19 (App. Div. Jan. 6, 2021).

In October 2021, defendant filed the present petition for PCR. The PCR court convened oral argument on June 16, 2022. On January 3, 2023, the court issued a written opinion denying defendant's petition without an evidentiary hearing.

This appeal followed. Defendant raises the following contentions for our consideration:

> THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S PCR PETITION WITHOUT AN EVIDENTIARY HEARING AS THERE WERE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE.

---

[1] Specifically, defendant received ten years subject to NERA on count two, to run concurrent to five years on count three, six months on count five, and eighteen months on count eight.

1. Trial counsel failed to file a motion to change venue due to pretrial publicity.

2. Trial counsel failed to adequately investigate the case.

3. Trial counsel failed to ensure that defendant understood the full penal consequences of entering a guilty plea.

Defendant raises the following additional argument in his reply brief:

NOTHING IN THE STATE'S RESPONSE REBUTS DEFENDANT'S [ARGUMENT] THAT AS THERE ARE GENUINE ISSUE OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). It provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). When petitioning for PCR, a petitioner must establish, by a preponderance of the credible evidence, that they are entitled to the requested relief. Id. at 541. To meet this burden, the petitioner must allege and articulate specific facts,

"which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant alleging ineffective assistance of counsel must satisfy both prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the New Jersey Court in State v. Fritz, 105 N.J. 42 (1987). "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Second, the defendant must show that counsel's "deficient performance prejudiced the defense." Ibid.

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Counsel's performance is held to a standard of "reasonableness under prevailing professional norms;" thus, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also State v. Marshall, 148 N.J. 89, 156-57 (1997).

The second Strickland prong requires that defendant show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been

different if counsel had not made the errors.  Id. at 694.  Our Supreme Court stressed in State v. Gideon that the second prong sets forth "an exacting standard."  244 N.J. 538, 551 (2021) (quoting State v. Allegro, 193 N.J. 352, 367 (2008)).  "Prejudice is not to be presumed;" rather, "[t]he defendant must 'affirmatively prove prejudice.'"  Ibid. (citing Fritz, 105 N.J. at 52, then quoting Strickland, 466 U.S. at 693).

A defendant's right to effective assistance of counsel extends to the plea negotiation process.  See Missouri v. Frye, 566 U.S. 134, 140 (2012) (explaining that the right to effective assistance of counsel applies at the entry of a guilty plea).  "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."  Lafler v. Cooper, 566 U.S. 156, 168 (2012).  In a challenge to a conviction arising from a guilty plea, the defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  "In other words, 'a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App Div. 2014)).

A-3823-23

Short of obtaining the relief of a new trial, a defendant may demonstrate that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462-63. A defendant's claim of ineffective assistance of counsel "is more likely to require an evidentiary hearing because the facts often lie outside the trial record and because the attorney's testimony may be required." Preciose, 129 N.J. at 462. However, a PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) governs evidentiary hearings in PCR claims and provides in pertinent part:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.

With respect to the first of these three requirements, "[a] prima facie case is established when a defendant demonstrates 'a reasonable likelihood that [their] claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). "[A] petitioner must do more than make

8

bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting Cummings, 321 N.J. Super. at 170). A defendant must allege "specific facts and evidence supporting his allegations," ibid., and "'vague, conclusory, or speculative'" allegations are insufficient to warrant an evidentiary hearing, ibid. (quoting Marshall, 148 N.J. at 158). "Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c).

Finally, we note that an appellate court's review "of a PCR court's factual findings is 'necessarily deferential.'" State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (quoting Nash, 212 N.J. at 540). However, appellate courts review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 415-16 (2004). When, as in this case, the PCR court does not hold an evidentiary hearing, review of both the factual inferences drawn from the record and any legal conclusions is de novo. State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). See also O'Donnell, 435 N.J. Super. at 373; Aburoumi, 464 N.J. Super. 326 at 338. When applying such de novo review, appellate courts "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014).

We next apply these legal principles to the present situation, starting with defendant's contention that he faced "negative pretrial publicity" and that his trial counsel should therefore have filed a motion to change venue. In support of this claim, defendant certified that he asked his trial counsel to file a change of venue motion "because [his] case was highly publicized in Middlesex County," "the victim was a well-known educator," and defendant felt this would unfairly prejudice his case. Defendant further certified that he told trial counsel he was being "harass[ed]" by correctional officers in the county jail "due to the tragic loss of the well-known victim" and that officers "would tell other inmates, 'This is the speed racer that killed your principal!'" Defendant certified that his trial counsel declined to file for a change of venue because "[i]t would be pointless, they're going to deny it."

The PCR court rejected defendant's argument, noting in its written opinion that

> defendant submits nothing to support his contention that the matter had been "highly publicized[]" to such a level as to require an application for change in venue.
>
> No news articles, no accounts from electronic media, or other form of public account is attached or referenced. As such, and beyond the unsupported self-

serving statements made, defendant provides nothing to reveal the nature and scope of the publicity he alleges.

The PCR court also found that defendant's claims of harassment were "unsupported," as defendant did not provide the "names of individuals involved," "information as to when specific acts [of] harassment" occurred, or any "actual threats or threatening behaviors." The PCR court therefore concluded that defendant made "no showing, as he has offered no proofs, which would suggest an application on this issue would have been successful."

On appeal, defendant argues the PCR court improperly discounted his certifications and that an evidentiary hearing was required "[g]iven how specific [he] was" in his certified allegations. We are unpersuaded.

A motion for change of venue "shall be granted if the court finds that a fair and impartial trial cannot otherwise be had." R. 3:14-2. In so doing, the court "must consider whether the change . . . is 'necessary to overcome the realistic likelihood of prejudice from pretrial publicity.'" State v. Nelson, 173 N.J. 417, 475 (2002) (quoting State v. Williams, 93 N.J. 39, 67 n.13 (1983)). In State v. Wise, our Supreme Court explained:

> The test is whether an impartial jury could be obtained from among the citizens of the county or whether they are so aroused that they would not be qualified to sit as a jury to try the case. The evidence submitted, to be controlling, must be clear and convincing proof that a

fair and impartial trial cannot be had before a jury of the county in which the indictment was found.

[19 N.J. 59, 73-74 (1955).]

As the PCR court aptly noted, the only evidence supporting defendant's argument are his assertions that the case was "highly publicized" and the victim was a "well-known educator," and his generalized claims of harassment in county jail. We are unpersuaded that he has satisfied the requirement that a defendant claiming ineffective assistance of counsel "must allege specific facts and evidence supporting his allegations" and cannot rely on "vague" or "conclusory" claims. Even accepting the factual allegations in his certifications as true, defendant provides no reason to believe that (1) a motion to change venue would have succeeded, (2) trial counsel's decision not to file such a motion was anything other than a strategic decision that a reviewing court must not second guess, Strickland, 466 U.S. at 690-91, or (3) prejudice due to pretrial publicity, if any, could not have been cured by other measures.

Finally, defendant fails to explain how trial counsel's failure to file such a motion resulted in his guilty plea. Defendant has not established that if a motion to change venue had been granted, he would have received a better plea offer from the prosecutor or otherwise reached a more favorable result. In sum, defendant has failed to establish a prima facie case that defense counsel's

12

strategic decision not to file a motion for change of venue meets either prong much less both prongs of the Strickland/Fritz test.

IV.

We turn next to defendant's contention that the PCR court erred in rejecting his claim that his trial counsel was ineffective for failing to adequately investigate the case. In support of that claim, defendant certified that

> 4. [M]y mother and I both suggested [to trial counsel] that we hire a private investigator to speak with the witnesses as well as those who had made statements. [Trial counsel] persistently told my mother and I that[] "[i]t would be a waste of money because you're guilty and it won't work in our favor." . . .

> 5. Around April 2019, I asked [trial counsel] if he could submit a [Brady[2]] motion because the witnesses on the scene had different stories from one another. [Trial counsel] again told me[,] "It would be pointless, they're going to deny it." Then [trial counsel] told me, "They have you by the balls on this."

The PCR court rejected this claim because defendant "has not supported his arguments with any form of affidavit or certification from any potential witness[es]" and failed to identify any "specific witness statement" or "facts or information" that additional investigation would have revealed. The court therefore concluded that defendant's claims were "bald assertions." We agree.

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

The law is well settled that "when a petitioner claims [their] trial attorney inadequately investigated [their] case, [the petitioner] must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 353 (quoting Cummings, 321 N.J. Super. at 170). Here, defendant only certifies that "the witnesses on the scene had different stories from one another." Tellingly, he does not indicate what further investigation would have revealed about their testimony or why "different stories" would be exculpatory. As a result, defendant has failed to establish a prima facie case of ineffective assistance with respect to counsel's investigation.

V.

Finally, we address defendant's contention that his trial counsel failed to ensure that he understood the full penal consequences before entering his guilty plea. Specifically, defendant claims his trial counsel (1) failed to explain that his ten-year NERA sentence for vehicular homicide would run consecutive (rather than concurrent) to his three-year sentence for knowingly leaving the

scene of a motor vehicle accident resulting in death[3] and (2) falsely promised defendant he would be sentenced "in the [third-]degree range," whereas he ultimately received a sentence within the second-degree range for the vehicular homicide count.[4] Defendant certified that but for those "false promises," he would not have accepted the plea offer.

The PCR court rejected these claims because both the plea form defendant signed and his colloquy with the sentencing judge confirm that defendant understood that his three-year sentence would be consecutive to his ten-year sentence and that his sentence on the vehicular homicide count would be in the second-degree range. Specifically, the plea form expressly states that the ten-year and three-year sentences would run consecutively and that the vehicular homicide count is a second-degree crime with a statutory maximum of ten years. Additionally, at the plea hearing, defendant confirmed under oath that he

---

[3] Defendant certified that his trial counsel "promised me that I would 'never see any of the [three] flat because the [ten] years [with eighty-five percent] NERA would override it.'"

[4] Defendant's brief incorrectly states that he was also sentenced to a second-degree term on the knowingly-leaving-the-scene count. However, the record shows that defendant received a three-year prison term on that count, which is within—indeed, at the bottom of—the third-degree range. N.J.S.A. 2C:43-6(a)(3). We note that while this offense is graded as a second-degree crime if the motor vehicle accident results in the death of another person, N.J.S.A. 2C:11-5.1, the State agreed to recommend a third-degree sentence.

understood the State would recommend "ten years subject to [NERA]" for the vehicular homicide count.  Defendant also had the following exchange with the court:

> [Court]:  [T]hose sentences, the rest of the sentences . . . are consecutive to . . . count four, which is leaving the scene of a fatal accident, for which the State is recommending three flat.  Do you understand that?
>
> [Defendant]:  Yes.
>
> [Court]:  So, meaning that that three flat will be in addition to the ten NERA.  Do you understand that?
>
> [Defendant]:  Yes.
>
> [Court]:  So, you have to serve [eighty-five] percent of ten, or eight and a half years, plus the three years.  Do you understand that?
>
> [Defendant]:  Yes.

Accordingly, defendant's present assertion that his trial counsel misled him about the penal consequences of his plea is belied by the record.  The PCR court therefore properly rejected this claim.

In sum, viewing defendant's factual assertions in the light most favorable to him and applying de novo review, we agree with the PCR court that defendant has failed to establish a prima facie case with respect to any of his PCR

contentions and has thus failed to meet the standard for entitlement to an evidentiary hearing. <u>Porter</u>, 216 N.J. at 355; <u>R.</u> 3:22-10(b).

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3823-23